*3s r108:*
*190 409| Philadelphia.*
*3 SR 108 —*
*e 31 SC 622| day,*
*31 SC 634| 5.*

PORTER and others *against* TURNER and others.

CASE STATED.

A power was given to A, by will, to dispose of a portion of the testator's estate among such of the testator's grand-children as A, thought proper, " by any writing under her hand and seal, executed in the presence of two or more credible witnesses." A, made a testamentary writing in the form of a letter disposing thereof, signed, but not sealed nor attested.

*Catherine Dupuy*, deceased, was authorised by the will of her father *John Dowers*, to dispose of one-fifth part of his estate, among such of his grand-children as she thought proper, " by any writing *under hand and seal,* executed in the " presence of two or more credible witnesses ;" and in case no such disposition should be made, the property was to be equally divided among all the testator's grand-children. *Catherine Dupuy* on the 3d *June*, 1816, disposed of this property in favour of two of the grand-children, as well as of other property of her own, by a testamentary writing in the form of a letter directed to captain *Davidson*. This writing was signed by Mrs. *Dupuy*, but not attested at the time of its date by any witnesses. On the 12th of the same month, she requested a person who was attending her to un-

She afterwards acknowledged it to be her will, and procured a codicil to be written to it, on a separate paper, relative to her own property, which codicil she signed opposite a seal, and acknowledged both papers at the same time, in the presence of three witnesses. *Held,* that it was a good execution of the power.

lock a box, and hand her a paper that was therein.  On re-

ceiving the paper, she observed, " that it was her will," and

requested *Thomas Sim*, her physician, to add a codicil thereto, dictating to him what to write.  The codicil being written on another paper, she subscribed her name opposite to a seal af- fixed thereto ; immediately after which, three witnesses sub- scribed their names both to the will and codicil ; doctor *Sim*, who had both papers in his hand, having first asked the testa- trix, whether she acknowledged the same to be her last will and codicil, and she having declared that she did.  The co- dicil related only to some personal estate of the testatrix, and made no mention of her father's estate.  The question was, whether this was a good appointment under the power given to *Catherine Dupuy*, by the will of *John Dowers*.

*Rawle*, for the plaintiff.

This case is brought before the Court amicably, with a view to obtain their opinion for the regulation of the conduct of the executors.  The single question is, whether the power given to *Catherine Dupuy* by the will of *John Dowers* has been executed.  A strict execution of powers is requisite where a disposition is made in favour of strangers and volun- teers.  *Powell on Powers*, 130. 148. 150.  *Bath* v. *Monta- gue.(a)*  Where there is a power to charge land by writing under seal, a will without a seal is not a good execution. *Dormer* v. *Freeland.(b)*  *Ross* v. *Ewell.(c)*  So a power to do a thing by deed is not well executed by will under seal. *Darlington* v. *Pulteny.(d)*  So where three witnesses are re- quired, two are not sufficient between volunteers.  2 *P. Wms.* 682.  *Amb.* 684.  A power to raise portions for daughters must be substantially followed.  *Mills* v. *Banks.(e)*  *Ivy* v. *Gilbert.(f)*

*Binney*, for the defendant, contended, 1. That an equity existed in the defendants.  2. That all the writings on this subject are to be considered as one.

1. The appointees under this will are a child of *John Dowers*, jun. and a child of *Edward Dowers*.  They are not so well provided for by the will of their grand-father, *John*

| | |
|---|---|
| (a) 3 *Ch. Cas.* 107, 108. | (d) *Cowp.* 268. |
| (b) 2 *P. Wms.* 506. | (e) 3 *P. Wms.* 1. |
| (c) 3 *Atk.* 156. | (f) 2 *P. Wms.* 13. |

1817.
PORTER
and others
v.
TURNER
and others.

*Dowers*, as the plaintiffs, who are likewise grand-children. Now the rule is, that chancery will supply a defect of execution in favour of any equity. *Powell on Powers*, 160, as creditors. 1 *Ch. Cas.* 10, or wife. 2 *Freem.* 256. *Tollet* v. *Tollet.(a)* 2 *P. Wms.* 623. Or younger children against the heir at law and against those for whom provision has been already made. *Garth* v. *Lady Blanfrey.(b)*   *Wilmer* v. *Kendal.(c)*   Where persons are unequally provided for by one who creates a power, that circumstance will be considered in supplying a defect of execution.   *Harvey* v. *Harvey.(d)*   6 *Vin. Ab.* 55. *pl.* 13.   In the cases cited for the plaintiffs there was not the least equity in favour of the appointees; and in some of them the appointment was adverse to persons favoured in law, such as husband, &c.   He also cited *Hob.* 277. 312.

2. Several assurances relating to each other and to the same subject, are considered as one, and are held a good execution of the power, although separately they are not a good execution, agreeably to the maxim, *quæ non valent singula, unita prosunt.*   *Earl of Leicester's case.(e)   Moor*, 615. *Herring* v. *Brown.(f)   Stapleton* v. *Stapleton.(g)*   The will and codicil in this case may be considered as parts of the same instrument.   They were acknowledged at the same time, and witnessed at the same time and by the same persons. The will was in the form of a letter not published, and perhaps the mind of the testatrix was not quite made up.   When the publication was made, she sealed the codicil and acknowledged *both*.   There was no occasion to put a seal to both instruments.   The seal to the last gave sanction to the whole. A will and codicil are one; the codicil is part of the will. 1 *Swinb.* 30. 32.   *Willet* v. *Sandford.(h)   Hill* v. *Chapman.(i)*

*Rawle*, in reply.   My position has not been shaken, that powers must be strictly executed, when the appointment is in favour of volunteers.   And even where children are concerned, thought equity will supply a defect which would leave them withou provision, yet it will not interfere where the question is about the *quantum* of provision given to each child.   This appears in the case of *Cook* v. *Arnham.(k)*   The

---

(a) 2 *P. Wms.* 489.
(b) *Gilb. Eq. Rep.* 166.
(c) 1 *Ch. Cas.* 161.
(d) 1 *Atk.* 569.
(e) 1 *Vent.* 278.

(f) 2 *Show.* 185.
(g) 1 *Atk.* 7.
(h) 1 *Ves.* 186.
(i) 1 *Ves.* 107.
(k) *Cas. Temp. Talb.* 35.

question here is between grand-children, and it is a question *1817.* of *quantum*, in which case relief will not be given. At all events this is not the case of grand-children unprovided for.

The cases cited on behalf of the defendant in the second point are not applicable. In them all, the writings had the same intent, viz. to execute the power; but that was not the case here. The codicil was by no means meant as an execution of the power. The will is the execution of the power, the codicil relates to other subjects. The codicil is considered part of a will, as relates to property, but as an execution of a power they are distinct.

TILGHMAN C. J. (After stating the case.) There are cases, where equity will aid the defective execution of a power; relief will be given, in favour of creditors, or of a wife, or children. But this is not one of those cases. The appointment, it is true, is in favour of grand-children. But even supposing, for argument's sake, that grand-children fall under the same rule as children, there would be no reason for an interposition here; because in default of an appointment, the estate would go to grand-children; so that the equity of the contending parties would be equal. The solemnity of a *seal*, is not considered with the same veneration, now, as formerly. Still, this Court has no power to dispense with a seal, where the party creating a power, has required one. The question is, therefore, reduced to a single point, viz. whether this was an appointment under *the seal* of Mrs. *Dupuy*. That she intended to make an appointment under her father's will, is certain; and as that will required a seal, we must suppose that she intended the will, and codicil, to operate as one instrument, because otherwise, the appointment would be invalid. When she wrote the letter, intended for a will, she made no publication of it, but kept it locked up, until nine days after. Then, for the first time, she published it, and had it attested as her will, but not until she had signed and sealed the codicil; the publication of both, was simultaneous, and may be considered as the *same act.* Is there any principle of law then, which intervenes, and frustrates the intent of the testatrix? It is contended, that there is; that the will, and codicil, are different instruments, and consequently the seal affixed to the latter, can have no effect on the former. Let us exa-

*PORTER and others v. TURNER and others.*

mine this position. There is an intimate connexion between a will and codicil. In the case of *Willet* v. *Sandford*, (1 *Ves.* 187), it is said by Lord HARDWICKE, that " a codicil, made " after a will, and directed to be annexed thereto, is consi- " dered, both in our law and in the civil law, (from which " we borrow ours, with respect to wills) as *part of the will*," and he cites *Swinb.* in support of this principle. In the present case there is no direction, that the codicil shall be annexed to the will; but I do not conceive that to be material. The nature of the thing requires that it should be annexed to it, or rather that the codicil should be considered as incorporated with the will. If ever there was a case, in which it must be presumed, that the testatrix intended, as far as law would permit, to incorporate a codicil with a will, it is the present, where the most material part of the will is void, unless the codicil and will are united. Neither do I think it material, that the two writings are on *different papers*, for that makes no difference in their *natures*. The case of *Acherly* v. *Vernon*, (*Comyn. Rep.* 381) is strong on this point. A testator made a will, by which he devised all his lands and estate; he afterwards purchased other lands, and rents, and then made and executed a codicil, in presence of three witnesses, who subscribed it. There was no express republication of the will, yet it was held by Ld. Ch. MACCLESFIELD, and affirmed in the house of lords, that the will was virtually republished, so that the after purchased real estate would pass by it. The codicil was a separate and distinct instrument, made years after the will; but, in the words of Lord MACCLESFIELD, " *both together made but one* " *will*." There has been some diversity of opinion, since the case of *Acherly* v. *Vernon*, concerning an implied republication of a will, by the act of making a codicil. Some have thought, that if the codicil related to *personal* estate only, there would not be an implied republication of the will, so as to pass *after purchased lands*, although the codicil was attested by three witnesses. But the later cases, incline to an implied republication, where there are circumstances from which the intent of the testator may be presumed. The present case falls directly within that principle. It may be fairly presumed, that Mrs. *Dupuy* knew that her father's will required her appointment to be *under seal;* she knew then, that unless the seal of the codicil, operated on the will,

her appointment was void.  It is impossible to imagine a stronger case for presumption of intent.  Add to this, the manner of publication; *both instruments at the same moment*, and I cannot hesitate to consider the *two*, as making *one whole*.  I am, therefore, of opinion, that the appointment was good, and consequently the plaintiffs (the other grand-children), are entitled to no part of the property in dispute.

GIBSON J. concurred.

DUNCAN J.  This question arises on the execution of a power, created by the will of *John Dowers*, and the will and codicil of *Catharine Dupuy*.  [Here his honour repeated the facts of the case.]   Is this a good appointment?  Can the Court dispense with the seal, and is the want of it such a defect in the execution of the power, as that Chancery would grant relief to the appointees standing in the situation they do, and support the appointment?  Can the will and the codicil be considered as one conjunct disposition of her own estate, and appointment under the will of her father, constituting but one instrument, and attended with all the solemnities and ceremonies imposed by the testatrix?  The will itself has all the essential forms prescribed by the testatrix.  The appointment is in writing under her hand.  It is in the presence of a greater number of witnesses than is required.  As was suggested by the plaintiff's counsel, the will of *John Dowers* was most probably modelled on some ancient form by the scrivener.  It perhaps had its origin in former days, when the credit of all instruments was justified by the actual seals of the parties.  Here then we have the instrument authenticated by more witnesses than the testatrix required.  This authentication by witnesses is all the testatrix had in view; for it is not required to be by deed.  Hand and seal, without proof of delivery, would be sufficient.  Nor is it required, that the witnesses should be subscribing witnesses: but merely under seal, executed in the presence of two or more witnesses.  In *Pennsylvania*, our Courts have in many cases departed from those forms, prescribed even by the legislature.  One instance of which is in the acknow-ledgment of conveyances by *femes coverts;* there the sub-stance only has been required, and not a rigid technical ad-herence to the letter of the law.  Yet, with all this, I am

VOL. III.—P

1817.

PORTER
and others
v.
TURNER
and others.

not prepared to say the Court could dispense with the seal in the execution of this power.

This is not the case of the exercise of a power reserved by the owner over his own estate, but it is a power to be exercised over the estate of another. For a distinction has been taken between the execution of powers over the estate of a third person, and the party's own ; in the latter case, the want of little circumstances may be helped in equity. *Sayle* v. *Freeland*, 2 *Vent.* 350. But even this has been denied in *Bath* v. *Montague*, *Powell on Powers*, 130. But where the power is given to the devisee of a particular estate, the most strict adherence to all the forms and ceremonies prescribed, would seem to be required, and all the circumstances prescribed in the creation of the power internal and external, reserved by the owner to be exercised over his own estate, demand a strict observance.

If sealing be required to a will, though not incidental to such an instrument, the want of it is fatal. The instrumental circumstance of the seal is arbitrary ; but it has pleased the owner of the estate to prescribe it. It is unimportant and insignificant, except as it is required. . It becomes essential, as it is required by him who gave the power. It is incapable of substitution, because the requisition has no spirit in it which can otherwise be satisfied. There can be no equivalent, because it is of no value. But on the ground on which my opinion is formed, it becomes unnecessary to touch the question, whether in *Pennsylvania*, Courts would not, in the liberal relaxation in matters merely ceremonial and unessential, dispense with the seal, where all essential and substantial requisitions have been complied with.

If this be a defective execution of the power, do the appointees form one of those classes of claimants, to whom a Court of Chancery would extend relief ? I think not. For the perfect execution of the power has not been prevented, either by fraud or accident. Here is neither purchaser, creditor, nor wife ; nor child, nor grand-child unprovided for. The owner of the estate, on failure of appointment, has provided for all his grand-children ; for all equally ; and this is equity. All the grand-children come in by a title antecedent to the will of *Catherine Dupuy*, under the will of *John Dowers*.

As this appointment appears to me to have been delibe-

rately and solemnly made; and as it is attended with all the checks and guards required by the testator, against fraud and imposition, I feel a strong inclination to support it; believing it to be the duty of the Court to give it effect, if it can be done without violation of any principle or rule of property. I am of opinion it can be so done. Not that my mind has arrived at this conclusion without some hesitation. But the more I have reflected upon it, the less has been this hesitation. It can be so done, by considering the will and codicil as one conjunct disposition; as one whole instrument; and then it will be executed with all the forms prescribed. In all acts performed on the same day, relative to the same matter, the Court will so arrange them as to conform to the intention of the parties, without regard to that which was first executed. 10 *Mass. Rep.* 336. Several instruments or deeds of the same parties, relating to the same matter, may be considered as one assurance. *Johns. Cas.* 91. All the several parts of a deed, and ceremonies necessary to the conveyance shall be taken together as one act, and operate by way of relation to the substantial part, 5 *Burr.* 2787.

The argument opposed to this by the defendant's counsel, is not entitled to much consideration; that the codicil has no relation to the appointment. It is true the appointment must be made with reference to the power, or must be by some act applying to the subject matter. But in the case before us, the will and the codicil were both in the hands of Dr. *Sim*, one of the subscribing witnesses. Holding them in his hands, he asked Mrs. *Dupuy*, if she acknowledged the same to be her last will and codicil. It is made part of the case, that both will and codicil were acknowledged at one and the same time. The letter, though wrote before, was not attested, published, or acknowledged as her will, until the whole disposition was made; and the whole, the will and the codicil, were conjunctly acknowledged. In *Lord Leicester*'s case, cited by the counsel in favour of the appointment, the intention that instruments should act in conjunction prevailed. There is here internal evidence. The *res ipsa loquitur;* the most unerring species of evidence; and external evidence, positive proof, that it was the intention of Mrs. *Dupuy*, that the two instruments should be taken together, and form one whole disposition; that they conjointly, should execute her views, as well with regard to the disposition of

PORTER
and others
v.
TURNER
and others.

her own estate, as the power over her father's estate. This is more than the case of annexation; this is an incorporation. She desired that the codicil should be added to the will; it is added thereto with the seal; it is a continuation of the will. It is now settled, that a codicil with three witnesses, relating to personal estate, and expressing no intention as to republication of the will, is a republication; and, therefore, if the will contain a general devise of lands, lands purchased in the interim will pass. These lands did not pass by the will; the will could not operate on them; why did it operate? Because the codicil, by its publication, incorporated the will: because the devise in the will was brought down to the codicil. But the case is stronger; for here the will was first published, and acknowledged conjointly with the codicil; here is not an implied intention; but a declared one; an act; not only internal evidence, but fact proved. Putting all the facts and circumstances together, in substance, and reality, the seal is annexed to the whole disposition. It has not, nor could it be made a question, but that the appointment might be made by will. Where one of two partners executed an arbitration bond, to which he subscribed the name of the firm, and affixed one seal, the other party having previously read and approved the bond, and consenting that his partner should execute it for both, and being in the store at the time of the execution, though it was not actually signed and sealed in his immediate presence, this was held a good execution of the bond, so as to make it the deed of both. *Mackay* v. *Bloodgood*, 9 *Johnson*, 285.

Now in this case, there was only a constructive sealing by one of the parties, and yet it was decided to be his deed, though the seal was not affixed to it in his immediate presence, nor was it delivered by him; nor had the other a power under seal, to affix the seal of the firm thereto.

The result of my opinion is, that the appointment made Mrs. *Dupuy*, is a valid one, and that judgment be entered according to the agreement of the parties, in the case stated.

Judgment for the plaintiff.