## STILLMAN S. MAGEE and WILLIAM BEALS, Respondents, v. THE MOKELUMNE HILL CANAL AND MINING COMPANY, Appellants.

An affidavit of one of the attorneys in a cause showing the objections made to the selection of the jury, although copied into the transcript, is no part of the record, and therefore cannot be noticed.

The third section of the Act of 1850, concerning corporations, prohibits them from issuing bills, notes, or other evidences of debt, upon loans, or for circulation as money. The Act contemplates that corporations will incur debt, and limits their power to incur debts to the amount of the capital stock paid in. *Held,* that corporations are not prohibited from borrowing money and issuing the usual evidences of debt therefor,

APPEAL from the District Court of the Fifth Judicial District, Calaveras County.

The action is brought by the plaintiffs, who are endorsees of certain notes or orders issued by the defendants, an incorporated company, upon their Treasurer, for money borrowed by them in their corporate capacity.

At the trial, defendants' counsel requested the Court to charge the jury : "That if the jury believed from the evidence that any of the bills, orders, or other written evidences of indebtedness upon which the action is brought, were issued for money loaned to the company, and that fact was known to the plaintiffs at the time they received or purchased them,—that as to such bills, notes, or other evidences of debt, the defendants were entitled to a verdict."

The Court refused the instruction, and charged the jury in favor of the plaintiffs. The jury found a verdict for the plaintiffs. The defendants' counsel excepted to the charge, and from an order overruling a motion for a new trial, appealed.

*H. P. Barber,* for appellants.

1. The suit is brought solely on negotiable paper, issued by a corporation for money loaned to them, which is void by statute laws of 1850, p. 347, §3.  Comp. L., p. 280, §3.

2. The plaintiff should have brought suit upon the original indebtedness: the Act estops him from recovering upon an instrument which the Act declares shall not be issued. 3 Coms., 19. 3 Denio, 70. 1 Hill, 11. 2 Ib., 241, 295. 9 Paige Ch., 470. 24 Wend., 345. 3 Seld., 513. 5 Barb., 27. 1 Pick, 304, 372.

*Robinson & Beatty*, for Respondents.

Cited no authorities.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J.. and BRYAN, J., concurred.

The objection made by appellants as to the selection of the jury shown by an affidavit of one of the attorneys, which, although copied into the transcript, is no part of the record, and therefore cannot be noticed.

The only other assignment of error depends upon the construction of the third section of the "Act concerning Corporations," of 1850. It provides that no corporation created, or to be created, shall by any implication or construction be deemed to possess the power of issuing bills, notes, or other evidences of debt, upon loans, or for circulation as money.

The paper upon which this suit is founded, was issued by the defendant for money loaned to it, and it is here insisted that the paper is a nullity on account of the prohibition of the statute.

The question might be well asked, if this was the intention of the Legislature, why allow corporations to issue their notes for considerations other than borrowed money? And I can see no good reason which can be given. The Act contemplates that corporations will incur debt, and limits their power to incur debts to the amount of the capital stock paid in. It must be inferred that they were to create the ordinary evidences of debt.

The clear object of the restriction is to prevent corporations by any device from carrying on the business of banking; or in other words, to prevent the formation of moneyed corporations. They are prohibited from issuing bills or notes " upon loans," or for circulation as money ; that is, they shall not lend their credit. To issue their bills upon loans

implies, from the meaning of the language, that. they are the lenders; while to issue bills for money which they borrow, places them in the opposite relation of borrowers; and no sound reason can be assigned why they should not be borrowers.

The cases cited by the counsel are adjudications upon the statute of New York prohibiting banks from issuing any other than one class of paper. The doctrines laid down in those cases have no application whatever to this, and are of no aid in the construction of our statute.

Judgment affirmed.