## REINA v. CROSS.

A count in a complaint for money had and received, which does not allege a demand, is demurrable.

Contracts for carrying freight form no exception to the general rule of law, that where money is paid by one party in consideration of an act to be done by another, and the act is not done, the money so paid may be recovered back.

If freight is paid in advance on a charter party, and the voyage is not accomplished by reason of the loss of the vessel at sea, the freight advanced may be recovered back.

Appeal from the District Court of the Twelfth Judicial District.

The record discloses that on the 13th of March, 1855, the plaintiff, and David Mitchell, as master, entered into a charter party, by which Mitchell chartered to the plaintiff the ship *Don Juan*, for a voyage from "San Francisco to Acapulco, there to load such pearl shell and Brazil wood as the charterer may have ready; thence to proceed to Salado, there to complete a full cargo of Brazil wood, and proceed therewith to Valparaiso." Among other things, it was stipulated that the charterer "advance on (said) freight $500, payable at San Francisco on signing the charter party, and $1,000 on arrival at Acapulco,

3

free of interest and commission.'' The balance of the freight was to be paid upon delivery of the cargo at Valparaiso. The respective sums of $500 and $1,000 were paid at the time and places designated. The first payment was made directly to Cross the defendant, and the second by draft on San Francisco. The ship was laden in accordance with the articles of agreement, and on her voyage to Acapulco was wrecked, and vessel and cargo totally lost. This action was instituted to recover back the sum of $1,500 freight paid in advance.

The complaint contained two counts. The first setting forth the charter party and assigning the breach thereof, without alleging that it was caused by the fault or negligence of the defendant. The second was for money had and received by the defendant for the use of the plaintiff. The latter count contained no allegation that demand had ever been made upon the defendant for the money. The defendant filed a general demurrer which the Court sustained, with leave to the plaintiff to amend his complaint upon payment of costs. The plaintiff waived his right to amend, and agreed that judgment might be entered against him upon demurrer, and from the rendition of such final judgment, plaintiff appealed to this Court.

*Robert C.* and *Daniel Rogers* for Appellant.

Where freight is paid in advance on a contract for the transportation of goods, and the vessel is shipwrecked, so that the voyage is broken up, the master or owner is bound to refund the freight so paid, where there is no special agreement to the contrary. Watson *v.* Duykinck, 3 Johns., 335; Pitman *v.* Hooper, 3 Sumner, 50; Griggs *v.* Austin, 3 Pick, 20; Mashiter *v.* Bueler, 1 Campb., 84.

*C. Temple Emmet* for Respondent.

1. The first count is bad, because it does not allege that the goods were lost through the negligence or fault of the defendant. This averment is perhaps necessary, even against common carriers; but it is certainly necessary in order to charge private carriers for reward. Because, while the law presumes negligence against common carriers, no such presumption exists against private carriers, or any other class of bailees. The gist of the recovery against the latter is negligence, and it must be both averred and proved. Ang. on Car., §§ 46, 61, and notes; Finncam *v.* Small, 1 Esp., 315; Newton *v.* Pope, 1 Cow., 109. The count shows that the defendant is not a common carrier; he is only chargeable as a private carrier for reward. Ang. on Car., §§ 68, 69; Satterlee *v.* Groat, 1 Wend., 272.

Again, the first count is bad, because it seeks to charge the owner on a charter party made by the master, without averring the master's authority, or those facts which alone confer upon him the authority to make such contract. His mere position and character as master do not confer that authority upon him. Story on Agency, §§ 119, 121; Pope *v.* Nickerson, 3 Story's C. C. R., 475; The Tribune *v.* Sumner, Ib., 149.

2. The second count is defective, because it is not alleged that demand had been made upon the defendant for the money sued for.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Justice HEYDENFELDT concurred.

This action was brought by plaintiff to recover from defendant certain money advanced on a contract of affreightment.

The complaint alleges that defendant contracted to carry certain freight from the port of Acapulco to Valparaiso, in consideration of a certain sum of money, a portion of which was paid by plaintiff in advance. That defendant received said freight on board his vessel and departed on the voyage, but did not perform his contract, because of the loss of said vessel at sea.

The complaint also contains a second count for money received to the use of plaintiff. To this complaint defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The Court below sustained the demurrer, and judgment was rendered in favor of defendant. From this judgment, plaintiff appealed.

The second count of the complaint is bad, because it is not alleged that demand had been made on defendant. A party receiving money to the use of another, is rightfully in possession until the same is demanded.

The only question involved in this case is, the right of plaintiff to recover advanced freight money upon the non-performance of the contract of affreightment.

The general rule of law is, that where money is paid by one person in consideration of an act to be done by another, and the act is not performed, the money so paid may be recovered back. Contracts for carrying freight form no exception to this rule, unless by express stipulation of the parties.

Chief Justice Kent, in Watson *v.* Duykinck, says : " The general rule undoubtedly is, that freight is lost unless the goods are carried to the port of destination. The rule seems also to go further, and to oblige the master, in case of shipwreck, to restore to the shipper the freight previously advanced." See 3 John., 339, and cases there cited. The general principle undoubtedly is, " that freight is a compensation for the carriage of goods, and if paid in advance, and the goods be not carried by reason of any event not imputable to the shipper, it then forms the ordinary case of money paid upon a consideration which happens to fail." Ib., p. 340.

Chief Justice Parker, in Griggs *v.* Austin, 3 Pickering, 23, says : " It would be an affectation of learning to go over the ground so ably pre-occupied in the opinion given in that case, (Watson *v.* Duykinck,) especially as the same ground has been traversed by Mr. Justice Story in a note to his edition of Abbot on Merchant Ships. It is sufficient then to say, that by reference to the above cited opinion, and the note of Mr. Justice Story, it will be found to be the established law of the maritime countries on the continent of Europe, that *freight is the com-*

*pensation for the carriage of goods, and if it be paid in advance, and the goods be not carried by reason of any event not imputable to the shipper, it is to be repaid, unless there be a special agreement to the contrary.*" See also Samson *v.* Ball, 4 Dallas, 459; Giles *v.* Brig Cynthia, 1 Pet. Admr. R., 203, et seq.; Chinot *v.* Barker, 2 John. R., 346; Gillan *v.* Simkin, 4 Camp., 241; Harris *v.* Rand, 4 N. Hamp. R., 259, 555; 3 Kent's Com., 226, 227.

I am aware that there are decisions of the English Admiralty Courts, which seem to be in conflict with the cases cited; but the weight of authority, and the uniform ruling of the American Courts, are conclusive as to the right of the shipper to recover.

The final judgment of the Court below, as well as the judgment sustaining the demurrer, is reversed with costs, and the cause remanded.