## HUNT *v.* THE CITY OF SAN FRANCISCO.

A default on a complaint containing special counts, defectively stated, and also the common counts in *assumpsit,* properly stated, will support a judgment ; the default being a confession of the indebtedness for the causes and on the accounts alleged in the complaint.

The several counts are distinct causes of action ; and the fact that by reason of one of them having been imperfectly stated, no judgment could be rendered on that count, does not affect the right of plaintiff to take judgment on those which are rightly stated.

The rule in cases of default is different from that in cases of verdict ; for in the latter it is uncertain upon what bases or on which of the counts the jury rests its finding, whilst in the former the law determines the fact and the amount of recovery.

A default may as well be taken against a municipal corporation as against a private person. The rules of pleading are general ; they were designed to embrace all persons, natural or artificial, capable of suing or being sued.

APPEAL from the late Superior Court of the City of San Francisco.

This was an action of *assumpsit* to recover the sum of $31,062. The complaint contains the common money counts, and also a count in the following language :

" And for further cause of action, plaintiff complains and says, that defendants at sundry times heretofore issued their warrants, executed and signed by the Controller of said City of San Francisco, amounting in the whole to the sum of thirty-one thousand and sixty-two dollars, and delivered the same to the several payees thereof."

" And the plaintiff further shows, that said warrants came to and vested in said plaintiff by assignment, and that he became and is the legal owner and holder thereof, and that he has demanded payment of the City Treasurer of the same, who has neglected and refused to pay the same ; of all of which said defendants had due notice."

Plaintiff, in the Court below, had judgment by default ; from which the defendants appealed to this Court, and assigned as error the judgment.

*F. M. Haight* for Appellants.

1. The complaint contains two counts ; first, a general common count for money paid for work and labor done, for goods, wares and merchandise. No more than one cause of action can be embraced in the same count ; but perhaps, the remedy in that case is to move to strike out.

Hunt *v.* City of San Francisco.

We say that whatever may be the rule in general as to the common counts, no action can be maintained on them against a public municipal corporation.

The City of San Francisco was not authorized either under the Charter of 1851 or 1855 to create any general liabilities, as alleged in this count. A municipal corporation can only contract in the mode pointed out by its charter. In reference to the defendant, no liability could be incurred except by ordinance. See opinion of Judge Burnett in suit of Lucas, Turner & Co. *v.* The City, 7 Cal. 468.

The time alleged brings it under the Charter of 1855, and this is more stringent. The date of the indebtedness, as alleged, is April, 1856. Laws of 1855, page 255, sec. 16; page 258, sec. 30.

The Corporation was not authorized to make—except in the mode pointed out—any of the contracts in this count mentioned : certainly not for goods, wares and merchandise ; not being a trading corporation.

2. The second count is upon Controller's warrants, and the judgment is general. If either of the causes of action in the first count, or if either count, is bad, the judgment being general, judgment must be arrested. Of this hereafter. And now as to the second count:

What Controller's warrants are, nowhere appears. There is no copy of the paper ; and unless they have some legal signification we do not know, and the Court cannot judicially know, that a Controller's warrant imports any obligation or liability. There is, therefore, nothing stated in the count that imports any liability.

But suppose they were warrants drawn in the usual manner ; are they of that description of paper which imparts consideration, or must the consideration be alleged or proved ? Of this, as a question of pleading, there is no doubt.

There are only two classes of instruments which import consideration, *viz.*, bills of exchange and promissory notes. These warrants, if drawn, must be presumed to have been drawn in pursuance of the charter. If the Charter of 1851, then, (sec. 8) says " Every warrant upon the Treasurer shall be signed by the Controller, and countersigned by the Mayor, and shall specify the appropriation under which it issued, and the date of the ordinance making the same." " It shall also state from what fund and for what purpose the amount specified is to be paid." Session Laws of 1851, p. 360.

These warrants were, therefore, drawn on some particular fund—must have been so drawn if legally drawn.

The same provision is found in the Charter of 1855 (Laws of that year, p. 254). These were, then, warrants drawn on a particular fund, and not bills of exchange or notes; and as such do not import consideration. See Parsons' Mercantile Law, page 86, and following cases cited in notes.

Parsons on Contracts, 2d ed., p. 210, 211. Drafts on a public officer are not bills of exchange, because they are presumably drawn against a contingent public fund. Reeside *v.* Knox, 2 Wharton, p. 233. The warrant not being negotiable, and not importing consideration, an omission to allege any consideration is a fatal defect, and can be taken advantage of on error. 1st Chitty's Pleadings, 9th American ed., pp. 292, 293, and cases cited in notes on p. 300. " When no consideration is stated, or when that stated is clearly insufficient or illegal, the defendant may demur, or move in arrest of judgment, or support a writ of error." 7 Tenn. R. 348 ; 4th Barr & Cresswell, 345, cited in note.

Of this elementary principle illustrations are not needed. It may be added, that after verdict a consideration defectively stated is upheld, but not when there is no consideration.

3. If the Court hold either count or either statement of cause of action bad, judgment will be reversed. The law on the subject is well settled, and there is nothing in the Code altering it, but the reason of the rule remains in full force. Chitty says: " If the jury find entire damages on all the counts, the judgment must be entire ; in which case, if one of the counts be insufficient, judgment will be arrested or writ of error sustained." Page 411, vol. 1, and cases cited 1 (or 7) Cowen's Rep., p. 58 ; Dermott *v.* Field, 5 Cowen's Rep., p. 503 ; Gibbs *v.* Emery, Graham's Practice, 141.

The reason of the rule applies as well under our Code as at common law. The reason is, that it cannot be known when general damages are given, whether they are given on the good cause of action, or for that for which no damages are recoverable. In this case, distinct and independent causes of action are stated—one, not a legal foundation for a recovery, and the other may be—and a general judgment is given.

In this case, we do not know from the record on which count judgment was given.    It was, probably, on the bad count.

*Heydenfeldt* for Respondent.

It is now objected as ground of error:

1. That the first count is bad, because a corporation of this kind can only contract by ordinance.

2. That the second count is bad, because Treasury warrants are not a good cause of action.

3. That if one count is bad, it vitiates the judgment, because it is not known on which count the judgment is rendered.

To these objections we answer as follows :

1st. A corporation can enter into and make a simple contract. Magee & Beals v. M. Hill Co., 5 Cal. 258 ; Smith v. Eureka Flour Co., 6 Cal. 1 ; Moss v. Oakley, 2 Hill, 269.

Originally, a contract of a corporation was required to be under seal, but that doctrine is abandoned.    North Whitehall v. South Whitehall, 3 S. & R. 117; Poultney v. Wells, 1 Aik. 180 ; Aug. & A. on Corp. 218.

If there is any new rule which exempts municipal corporations from the ordinary and well established forms of pleading, such rule must be the creation of statute, for we may look in vain to any other source.

But instead of finding a new rule in the statute, the contrary is most distinctly made to appear.    There is no distinction made between the rules of pleading, as applicable to natural persons, and artificial persons.    The Act says (sec. 1) : " There shall be in this State but one form of civil action," etc.

It is true, as laid down in Holland v. The City of San Francisco, that " a municipal corporation possesses two kinds of power—one governmental and public, and to the extent that they are held and exercised it is clothed with sovereignty—the other private, and to the extent they are held and exercised, it is a private individual."

In this action, and indeed in all actions which involve the rights of property, we are dealing with the municipal corporation in the latter of its capacities ; that is, as a private individual : we then must claim rightfully the same remedies, and the same forms of remedies, in pur-

suing the corporation, as we are entitled to against any other private individual.

Treasury warrants, from their nature, must be considered as negotiable instruments. They are always drawn in payment of an outstanding debt or demand, and they are taken as payment. They have all the incidents of a bill of exchange.

The power to draw the warrants is expressly conferred by the Charter of 1851.

In every case in which this question has arisen, these securities have been governed by the same rule as bills of exchange, and no case can be found to the contrary.

The following cases are directly in point: Crawford *v.* Wilson, 2 English's (Arkansas) R. 219 ; Kelly *v.* Mayor of Brooklyn, 4 Hill, 265 ; Steel *v.* Davis Co., 2 Green (Iowa) R. 469.

The authorities cited by appellant to show that if one count is bad it vitiates the judgment, are inapplicable to this case. That doctrine is only applied where there is a verdict, either upon an issue, or upon a writ of inquiry after default. The reason of it is because it cannot be ascertained if the finding is upon the good or bad count.

But in cases where there is only a simple default, it is a confession by defendant of all the counts ; and if there is one good count, it must be held sufficient to support the judgment.

*Shafters, Park & Heydenfeldt* on reargument.

The Court, in its opinion delivered in the above cause, says :

I. That it is doubtful whether the general counts in assumpsit will lie against a defendant in any case.

That point was made in Ruiz *v.* Norton, 4 Cal. 355, and it was decided that the common counts would lie, and the published reports show how largely that decision has been acted on.

This has never been a contested point since the organization of this Court, and hundreds of recoveries in this State rest upon similar pleadings.

In Jourdan *v.* Reynolds (6 Cal. 108) this Court said : " Where the entire performance of a special contract has been prevented by one

of the parties, or where its terms have been afterwards waived by agreement of both parties, the action for the amount due for work and labor should be in the form of *indebitatus assumpsit*, and not upon the contract."

In Reina *v.* Cross, (6 Cal. 29) opinion by Terry, C. J., there was a count for money had and received ; no objection was taken to it as a common count *per se*, but it was held bad because it did not aver a demand.

In Lorraine *v.* Long (6 Cal. 452) this Court said : " Our practice, while it enlarges the field of remedy, does not take any pre-existing remedies by implication."

Under the New York Code, from which ours was mostly derived, the same construction has been given as here contended for. In the case of Allen *v.* Patterson, (3 Selden, 476) the Court of Appeals commences its opinion by referring to the requisition of the Code, that the complaint shall contain a plain and concise statement of facts, and it decides the common count in assumpsit in that case to be good.

If now, this declaration or complaint be tested by any rule, either of the statute or common law, as to the sufficiency of its averments, we apprehend that it will stand the test. It avers, first : That the defendant was indebted ; second, the consideration for so much money paid, laid out and expended for said defendants at their request, for work and labor done and performed for defendants and at their request, for goods, wares and merchandise sold and delivered to defendants and at their request. It avers the amount of indebtedness, the promise to pay, the demand of payment, and the neglect and refusal to pay. If any statement of facts could by possibility be plainer and more concise, your petitioners lack the education and ability to detect it.

In the opinion of the Court, while it is admitted that *indebitatus assumpsit* lies against corporations generally, it is denied that it lies against a municipal.

We humbly suggest that the Court has fallen into an error in failing to recognize the two-fold character of a municipal corporation. It is evident, at a glance at the construction and purpose of these artificial creations, that they have two capacities : one that of a government, and the other that of a person ; and this distinction has been twice

specifically recognized in the decisions of this Court, and as a primary proposition it would seem not to be a subject of dispute.

In the case of Holland *v.* The City of San Francisco (7 Cal. 361) this Court held : " A municipal corporation, from the nature of the ends intended to be accomplished by its creation, is a compound being, acting in different capacities.

" In addition to this government power, it also possesses the capacity to own and dispose of property like an individual.

" So also it follows that the city, in the proper form, could make the same binding admission not prejudicial to the rights of others that individuals could make."

The same doctrine is maintained by elementary writers : Angel on Corporations, p. 31.

And so it was said by Nelson, C. J., in Moodalay *v.* E. India Co., Brown, Ch. R. 469.

In Poultney *v.* Wells, 1 Aikin, (Vt. R. 180) and in North Whitehall, *v.* South Whitehall, (3 Serg. & Rawle, 116) the liability proceeded upon certain conditions fixed by statute. *Indebitatus assumpsit* was brought and the remedy held appropriate.

The citations from Kent in the opinion of the Court in this case, go to the question of the powers of a corporation, and not the question presented here, which is purely a question of pleading. We do not pretend that the city can enter into a contract without an ordinance, but having made the ordinance to borrow my money, or to obtain my labor, and having thus become indebted to me, I must of course bring *assumpsit*, for I have no other remedy ; and this must be *indebitatus assumpsit*, unless there was a special contract, or in case of a special contract after its performance. The whole dispute resolves itself into a question of evidence, and cannot be tortured into a question of remedy ; so when I bring my action of *indebitatus assumpsit*, the corporation may deny the authority for creating the liability—-but that is matter of proof—and it is upon the proof I must fail or succeed, and not upon the pleadings. Surely, it will not be contended that I must set out the authority of an ordinance in the complaint.

The issue is simply one of indebtedness, and I must prove every thing which is necessary to sustain the affirmative of that issue ; and we

know of no case and of no class of cases in which one is required to set out all the proof in the pleadings.

Having, as we think, established the validity of the remedy as far as the first count is concerned, we think it entirely unnecessary to enter into the consideration of the soundness of the second count. It may be, as has been held by the Court, defective for want of particularity in description of the warrants; but if we have one good count, that is allsufficient upon a judgment by default to support the judgment.

The authorities cited by the other side, to the effect that after verdict the judgment will be arrested if there is a bad count, has no application to a case of default. The reason for the doctrine alluded to, as given by the author cited, is because the Court cannot know whether the jury found on the good or the bad count. But in case of judgment by default, no such difficulty occurs, because by the default the defendant confesses to all the counts, and if there is a good one, it is well confessed to, and will support the judgment.

This case was originally argued and decided at the January Term, 1858: Chief Justice TERRY delivered the opinion of the Court, and BURNETT, J., concurred. The opinion of the Court as then delivered was to the effect, that the allegations in the complaint were not sufficient to sustain the judgment. At the October Term following, a reargument was had, and the following opinion rendered.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

Judgment was taken by default in this case upon several of the common counts, and also a count in these words: " And the plaintiff further shows that said warrants came to and vested in said plaintiff by assignment, and that he became and is the legal owner and holder thereof, and that he has demanded payment of the City Treasurer of the same, who has neglected and refused to pay the same; of all of which said defendants had due notice."

It is assigned for error, on appeal from this judgment by the appellant, that this last count is fatally defective, as showing no cause of action; and therefore, the judgment by default is erroneous. It is

also assigned that the judgment is erroneous, because default cannot be taken against a municipal corporation on the common counts.

We think there is nothing in this last objection.     We have held that the common counts, in the usual form adopted under the old system of pleading, are good in actions against private persons.     (See cases cited on respondent's brief.)     And we cannot see either the necessity or propriety of holding a different rule in respect to corporations of whatever kind.     The rules of pleading are general.     They were designed to embrace all persons, natural or artificial, capable of suing or of being sued.     No exception is made of corporations by the statute, and we have no authority to interpolate any upon our system.     If we were to make exceptions in their favor in the rules of pleading, we do not see why we might not, with the same propriety, make similar exceptions in the rules of evidence.     This would be to break the harmony of the system, and to exercise legislative functions.     This question was, in effect, decided in the case of the Gas Company *v.* The City of San Francisco.     (9 Cal. Rep. 456.)

The other point is urged with more confidence.     Assuming that the count set out on the warrants is fatally defective, the question arises whether the default and judgment on the money counts, or for the amount of them is erroneous.     It will be observed that the money counts are each of them for the amount for which judgment was taken.

The appellant's counsel contends that where a verdict, on issue joined, or on a writ of inquiry of damages, is given upon several counts, one or more of which is bad, no judgment of the finding can be sustained on error ; and that the same rule obtains where judgment is entered on default in like cases, under our Practice Act.     The principle is unquestionably true in the cases of verdict, as the counsel has shown by the authorities cited ; but this doctrine does not hold in regard to judgments where the law determines the fact and the amount of the recovery on default.     The reason of the rule contended for in cases of verdict is, that it is not certain upon what basis, or upon which of the counts, the jury rests its finding.     For all that appears, the jury may have found its verdict upon the bad count ; and thus the defendant may be compelled to pay a judgment based upon no legal cause of action.     But this reasoning does not hold

where the law itself, upon an admitted cause of action, fixes the result. As we have often held, a default confessess all the issuable facts of the several causes of action counted upon. The default amounts, in this case, to a confession of indebtedness for the causes, and on the accounts, alleged in the complaint — one of which here is for money had and received, and another for goods, etc., furnished the defendant. The defendant cannot say, in answer to, or avoidance of, the effect of the admission, that it had also admitted an indebtedness for a cause which the law did not recognize as a sufficient basis for a judgment. It could not be heard to say, if it were in open Court— " I confess that I owe the plaintiff so much money, on a good cause of action — and also, so much on a bad, or badly stated cause of action ; but no judgment can be rendered against me on this admission of the good cause, because I have also admitted an indebtedness on a bad or badly stated cause." The several counts are distinct causes of action ; and the fact that by reason of one of them having been imperfectly stated, no judgment could be rendered on that count, does not affect the right of plaintiff to take judgment on those which are rightly stated.

There can be no difficulty in regard to the effect of the judgment ; for as it is by operation of law that the judgment is rendered, the law itself determines the causes of action upon which it rests ; and these are, in this instance, the good counts, or those which in law justify and authorize the finding. The cases cited by counsel for appellant do not militate against this view.

Judgment affirmed.