[No. 3437.]

## ALEXANDER FORBES *v.* THE SAN RAFAEL TURNPIKE COMPANY.

NOTE OF TURNPIKE ROAD COMPANY.—Under the act of May 12, 1853, for the incorporation of turnpike road companies, it is competent for a majority of the stockholders, assembled in stockholders' meeting, to authorize the board of directors to execute a promissory note of the company; but if a note is executed by the board of directors without such authority, a subsequent resolution adopted by a majority of the stockholders levying an assessment to pay the note, is a ratification, and makes the note the note of the company.

MORTGAGE OF TURNPIKE COMPANY.—It requires the vote of two-thirds of the stockholders of a turnpike-company to enable the board of directors to mortgage the property of the company, and if, without such vote, a mortgage is given, it requires a two-thirds vote to ratify it. The facts, that by a majority vote of the stockholders an assessment is levied to pay the mortgage, and that two-thirds of the stockholders pay the assessment, do not prove a ratification.

NOTE OF TURNPIKE COMPANY.—A promissory note of a turnpike company is not void because made before it has filed a copy of its by-laws with the county recorder.

APPEAL from the District Court, Seventh Judicial District, County of Marin.

The following is a copy of the note sued on:

"$2000.                                    SAN RAFAEL, May 16, 1866.

"One year after date, for value received, the San Rafael Turnpike Road Company promises to pay Charles D. Bates, or order, in United States gold coin, two thousand dollars, with interest thereon from date until paid, at the rate of one and one-half per cent. per month, said interest payable monthly in like gold coin. This note is secured by a mort- gage from said San Rafael Turnpike Road Company to said Charles D. Bates, of even date herewith; said interest to be compounded if not paid monthly.

"THOMAS H. HANSON,
President of San Rafael Turnpike Road Company.

[SEAL.]

"JOHN REYNOLDS,
"Secretary of San Rafael Turnpike Road Company."

The note was secured by a mortgage on the turnpike road and franchises of the company. The defendant had judgment and the plaintiff appealed.

The other facts are stated in the opinion.

*Henry E. Highton,* for the Appellant.

At various times and in various ways the execution of the note and mortgage was legally ratified by more than two-thirds of the stockholders, owning more than two-thirds of the stock. It was not requisite that this should be done formally, or at any one time. Every director or stockholder present, and advising when the resolution of the board of directors was passed, or subsequently consenting thereto, necessarily ratified the contract. The sixty-six shares represented when the resolution mentioned in the statement was passed by the stockholders, are all to be computed in the matter of ratification, and every share of stock upon which an assessment was paid for the purpose of settling the note and mortgage, is also to be computed. All these together make the ratification full and complete. (*Pixley* v. *W. P. R. R. Co.*, 33 Cal. 188.)

*Sidney V. Smith & Son,* for the Respondent.

The directors of this corporation have no power whatever until by-laws are passed and filed. The act is enabling, and its provisions must be strictly followed. (*Hall* v. *Crandall,* 29 Cal. 572; *Zottmann* v. *San Francisco,* 20 Cal. 102; *Head* v. *Providence Ins. Co.,* 2 Cranch, 127; *Pixley* v. *W. P. R. R. Co.,* 33 Cal. 197; Angell and Ames, Secs. 291 and 280.)

A ratification by individual stockholders, such as plaintiff offered to prove, would be invalid. The stockholders, under the statute, have no powers, except to give authority to the directors, and that by a vote in stockholders' meeting. (Authorities just cited; 5 Denio, 575; Angell and Ames, Sec. 279; *Livingston* v. *Lynch,* 4 Johns. Ch. 596; *Cumberland Coal Co.* v. *Sherman,* 30 Barb. 577; 16 Cal. 623.)

By the COURT:

The defendant was incorporated as a turnpike road company under the act of May 12, 1853 (Statutes 1853, p. 169), and the action is upon a note and mortgage executed by the board of directors as security for a debt contracted in the construction of the road. The defense is that the board of directors exceeded its authority in executing those instruments, which, it is claimed, were void *ab initio.* At the trial, the court excluded the note and mortgage when offered in evidence by the plaintiff, and this ruling is assigned as error.

Section 19 of the statute under which the defendant was incorporated, provides that the corporate powers are to be exercised by the board of directors, "with such limitations and restrictions, and to the extent only that may be prescribed in the by-laws of the company. It is expressly understood that the directors and officers have no powers, except such as are given by the stockholders in their resolutions and by-laws." The same section further provides "that said board of directors shall not be empowered, in any manner, to mortgage, or otherwise to hypothecate the property of the company, until twenty-five per cent. of the capital stock has been paid in and vested in the construction of said road; nor then, unless by a vote of two-thirds in interest of the stockholders." At the trial, the by-laws were not produced, nor their contents proved; but the plaintiff offered to prove that at a stockholders' meeting, at which sixty-six out of one hundred and twenty-two outstanding shares were represented, it was resolved by a unanimous vote that an assessment should be levied for the purpose of paying off the note and mortgage, and that the assessment was afterwards collected from more than two-thirds of the stockholders, with the understanding on their part that the money was to be applied towards the satisfaction of the note and mortgage. The evidence was excluded by the court, and this ruling is assigned as error.

The statute is very peculiar, and apparently denies to the board of directors the right to exercise any powers whatso-

ever, "except such as are given by the stockholders in their resolutions and by-laws." The by-laws not having been produced, nor their contents proved, no light can be educed from that source as to the authority of the directors to execute the note and mortgage. But it was competent for a majority of the stockholders assembled in a stockholders' meeting to pass a resolution authorizing the execution of a promissory note by the directors on behalf of the corporation; but, as we have seen, it required the assent of two-thirds in interest of the stockholders to authorize the execution of a *mortgage.* The note and mortgage, therefore, stood upon a different footing in this respect, and while there was no proof that the execution of either the note or mortgage was authorized by a prior resolution of the stockholders, we think the subsequent resolution adopted by a majority of the stockholders, to levy an assessment for the express purpose of liquidating the note, was equivalent to a previous authority to execute it. It was a distinct recognition by a majority of the stockholders that the note was a valid and subsisting obligation of the corporation; and standing, as they did, in the relation of principals toward the board of directors as their agents, it was competent for them to ratify, by their subsequent approval, any act which they might originally have authorized. We are, therefore, of opinion that the vote should have been admitted in evidence, in proof of this act of ratification by a majority of the stockholders. But the mortgage stands upon a different footing. It could not originally have been executed so as to bind the corporation, except by a vote of two-thirds in interest of the stockholders, and it could not be ratified by the vote of a less number. The fact that two-thirds in interest of the stockholders paid the assessment after it was levied, with the understanding that the money was to be applied towards the liquidation of the note and mortgage, does not tend to prove a ratification of the mortgage. The assessment being valid, they had no option but to pay it, and their understanding that the money was to be applied to the payment of a valid note of the corporation, did not tend to show that they thereby admitted the validity of the

mortgage.    In no sense was this equivalent to a ratification of the mortgage by a vote of two-thirds in interest of the stockholders at a stockholders' meeting.

We attribute no force to the suggestion that the note was void because of the failure to file a copy of the by-laws with the county recorder.    By the very terms of the statute, that consequence would follow in respect only to contracts made *after* the by-laws were filed, and which were not in accordance therewith.

Judgment and order reversed, and cause remanded for a new trial.    Remittitur forthwith.

Neither Mr. Justice RHODES nor Mr. Justice McKINSTRY expressed an opinion