[No. 7,462.—Department One.]

## J. S. SEELEY v. THE SAN JOSÉ INDEPENDENT MILL AND LUMBER CO.

CORPORATION—POWER OF SUPERINTENDENT—AGENT—MONEY PAID FOR THE USE OF ANOTHER.—To save the defendant from a lawsuit, the plaintiff, at the request of the President and Superintendent of the defendant, paid certain notes held against it and the President thereupon in the name of the corporation, made to the plaintiff two promissory notes for the amount paid, and the notes were afterwards ratified by the Board of Directors.

*Held,* That the transaction was within the scope of the business intrusted by the corporation to its President as its superintendent and general agent, and *held further,* that the plaintiff having paid money for the use of the defendant, at its request, the validity of the original indebtedness could not be inquired into.

APPEAL from an order overruling defendant's motion for a new trial in the Superior Court of Santa Clara County. SPENCER, J.

Petition for hearing in Bank was filed after judgment in this case, and denied.

*John Reynolds* and *S. O. Houghton*, for Appellant.

*McKisick & Rankin*, for Respondent.

McKEE, J.:

This was an action to recover judgment for a balance alleged to be due upon two promissory notes executed by the defendant corporation and delivered to the plaintiff, who was at the time of the execution and delivery of the notes, a Director of the company. The notes were given to secure payment to the plaintiff of twenty-five hundred dollars which he had paid for the defendant in satisfaction of three promissory notes, which were held by one Meacham against the defendant, and on which Meacham threatened to sue. To save the defendant from a lawsuit thereon, the plaintiff, at the request of the President and Superintendent of the corporation, paid the notes in full for the defendant, and delivered them to its Secretary, who wrote across the face of each of them as follows: "Paid in full December 13th, 1878," and then filed them away with the papers and vouchers of the corporation; and, as security to the plaintiff for the moneys thus paid by him for the defendant, it executed and delivered to him the promissory notes in suit. The notes were not authorized or executed under the corporate seal of the defendant, but they were signed in the name of the defendant by its Secretary, and were afterwards recognized, sanctioned, and ratified as the notes of the defendant by its Board of Directors and its stockholders at their annual meeting.

The plaintiff had judgment, from which and an order denying a motion for a new trial, the defendant appeals, contending that the transaction, for which the notes were given, was one which the defendant corporation had no power to ratify; and that the claim arising out of the transaction was one

which the plaintiff, as a Director and Trustee of the defendant, could not purchase or enforce against the defendant.

The corporation was organized under the laws of the State for the purpose of manufacturing, planing, matching wood and lumber for building purposes, and for buying and selling, and dealing generally in lumber, and, also, to do a general contracting and building business, with an actual cash capital of five thousand dollars. Its President was the general agent and superintendent of the company, clothed with all the power necessary to carry on its business, so far as consistent with the laws of the State, the by-laws of the company, and directions of the Board of Directors. As general agent of the company he had power to raise money for the company to carry on the business of the corporation, and to pay off the debts for which it was liable. (Civ. Code, § 353, *McKiernan* v. *Lenzen,* 6 Pac. L. J. 436.) In exercise of this power he contracted with the plaintiff for the payment of the outstanding notes of the company, and the contract was one which fell within the scope of the powers intrusted to him. And when, in performance of this agreement with the President and general agent of the corporation, the plaintiff satisfied in full the indebtedness of the corporation, he became the creditor of the corporation. This transaction between him and the company, through the instrumentality of the President, was not a purchase. It was equivalent to a loan for the purpose of paying its debts; and as a loan the transaction was one which the corporation by its own act or the act of its officers, could secure by the issuance of the ordinary evidences of indebtedness, and which its Board of Directors or stockholders could sanction and ratify.

No comparison can be drawn between such a transaction and that which was condemned in the case of *Hall* v. *Auburn Turnpike Company,* 27 Cal. 255. In that case the note, which was executed by the President and Secretary of the company, was given to secure payment of an individual indebtedness due from one of the Directors of the company to the payee, named in the note, and it was held that it was not the note of the corporation, because the transaction for which it was given had no relation to the corporate business, and was not within the scope of the business intrusted to its officers. The note

was therefore invalid and void, and unenforceable. But in the case in hand the notes were given by the defendant itself to secure payment of moneys advanced, at its request, to pay debts acknowledged by the corporation, and on which suit was threatened. The transaction between the defendant and the plaintiff was, therefore, directly within the scope of the business intrusted to its President as its Superintendent and general agent. Having power to incur debts to the amount of its capital stock paid in, it had power to provide for their payment; and could create the ordinary evidences of indebtedness for that purpose (*Magee* v. *Mokelumne M. Co.*, 5 Cal. 258); and the transaction was one which the Board of Directors or stockholders could sanction and ratify. (*Forbes* v. *S. R. T. Co.*, 50 Cal. 340.) Nor is the case in hand at all like unto *Davis* v. *Rock Creek L. F. & M. Co.*, 55 Cal. 359; *San Diego* v. *S. D. & L. A. R. R. Co.*, 44 id. 106; *Wilbur* v. *Lynde*, 49 id. 290.

The appellant, however, assails the transaction of the original indebtedness, which was satisfied by the plaintiff, as one which was not within the scope of the business of the corporation, for which the corporation was not liable, and which could not have been enforced against it at law. But the corporation never questioned its liability to Meacham upon the promissory notes which were paid by the plaintiff, nor the consideration for which they were given. It acknowledged that they had been given for an indebteness incurred for its use, and that it was liable upon them. But if its liability had been questionable it would not affect the *bona fides* of the transaction between it and the plaintiff. There is no pretense of fraud in the transaction. The plaintiff, at the request of the defendant, in good faith, paid his money in satisfaction of debts due by the defendant, which it admitted had been incurred in a transaction for its use; and the company is liable to him, although the enforcement of the original claims of indebtedness may have been questionable. It is only where money has been paid by compulsion of law that it is necessary to show such a contract as the law will enforce. But where payment has been made at the request of the defendant himself, no case has gone to the length of saying that the party who has assented, as in the case in hand, to the payment of the indebtedness, can repudiate the payment, or the evidences

of indebtedness given to secure payment, of the money advanced for that purpose. (*Pawle* v. *Gunn*, 4 Bing., N. C., 448.)

But the Court below found that the original indebtedness was a loan for which the corporation was liable, and its finding in that regard and the other findings of fact are fully sustained by the evidence.

Judgment and order affirmed.

ROSS, J., and McKINSTRY, J., concurred.